**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| MICHAEL OBERDORFER<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK, TRANSUNION LLC and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | No. 2:23-cv-00401<br><br>Removed from The Circuit Court for the City of Norfolk<br><br>No. CL 23-8898 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, Truist Bank ("Truist") hereby removes to the United States District Court for the Eastern District of Virginia, Norfolk Division, the case styled *Oberdorfer v. Truist Bank*, *et al.*, currently pending in the Circuit Court for the City of Norfolk, Virginia, as Case No. CL 23-8898. In further support of this Notice of Removal, Truist states as follows:

### I.     STATEMENT OF THE CASE

1.     Plaintiff filed his complaint against Truist, TransUnion LLC, and Equifax Information Services, LLC (collectively, "Defendants") on June 28, 2023, in the Circuit Court of the City of Norfolk, Virginia, as Case No. CL 23-8898. A copy of Plaintiff's "Complaint at Law" is attached hereto as **Exhibit A**. Plaintiff asserts "an action for damages . . . for Defendants' violations of the Fair Credit Reporting Act ['FCRA']." Compl. ¶ 1. Plaintiff's Claim for Relief likewise centers on the FCRA. *Id.* ¶¶ 29–33 (alleging FCRA violations). This Court has federal question jurisdiction over Plaintiff's claim for violations of a federal statute, 15 U.S.C. § 1681.

## II. TIMELINESS OF REMOVAL

2. Truist executed a waiver of service of process of Plaintiff's Complaint on July 13, 2023. *See* **Exhibit A**. Thirty (30) days have not expired since this waiver of service was executed.[1] Accordingly, this Notice of Removal is timely.

## III. VENUE

3. Venue for this Notice of Removal is proper in the United States District Court for the Eastern District of Virginia, Norfolk Division, because this district and division includes the Circuit Court for the City of Norfolk, Virginia – the location of the pending state court action.[2]

## IV. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because Plaintiff alleges a federal statutory claim under the FCRA, this Court has federal question jurisdiction.[3]

## V. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

5. Plaintiff demanded a jury trial in his Complaint.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the state court action, are attached hereto as **Exhibit A**.

---

[1] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").
[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 127(a).
[3] *See* Complaint ¶ 1.

7. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Truist is providing Plaintiff, through counsel, with written notice of removal, and a copy of this Notice of Filing Notice of Removal is being filed with the Circuit Court for the City of Norfolk, Virginia. *See* **Exhibit B**.

## VI. ALL DEFENDANTS HAVE CONSENTED TO REMOVAL

8. Defendants TransUnion LLC and Equifax Information Services, LLC, have consented to the removal of this matter to federal court. Copies of the consents are attached hereto as **Exhibit C**.

## VII. CONCLUSION

By filing this Notice of Removal, Truist does not waive any defenses, whether procedural or substantive, that may be available to it, including, but not limited to, any defenses available under Federal Rule of Civil Procedure 12(b). Truist expressly reserves and does not waive its right to amend this Notice of Removal or its right to offer evidence supporting the Court's jurisdiction. The Court may exercise federal question jurisdiction over this action because Plaintiff expressly seeks to recover under a federal statute, 15 U.S.C. § 1681.

Dated: August 14, 2023                                          Respectfully submitted,

*/s Katherine E. Lehnen*
Katherine E. Lehnen (VSB No. 92357)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
T: 804.775.1000
klehnen@mcguirewoods.com

*Counsel for Defendant Truist Bank*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 14, 2023, a true and correct copy of the foregoing was served via the Court's ECF filing system and regular mail and/or email, as follows:

J. Andrew Shuniak
The Law Office of Robert S. Gitmeid & Associates, PLLC
814 Admiral Gravely Boulevard
Richmond, VA 23231
*Counsel for Plaintiff*

John W. Montgomery, Jr.
Montgomery & Simpson, L.L.P.
2116 Dabney Road
Suite A-1
Richmond, VA 23230
*Counsel for Defendant Equifax Information Services, LLC*

Terri Brown
555 W. Adams Street
Chicago, IL 60661
*Counsel for Defendant TransUnion LLC*

                */s/ Katherine E. Lehnen*
                Katherine E. Lehnen